UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER G. VALENCIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEBORAH SAN JUAN,<br><br>　　　　Defendant. | Case No. 1:22-cv-00360-EPG (PC)<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1)　NOTIFY THE COURT THAT HE WANTS TO PROCEED ONLY ON HIS FOURTEENTH AMENDMENT DUE PROCESS CLAIM AGAINST DEFENDANT SAN JUAN AND HIS RETALIATION CLAIM AGAINST DEFENDANT SAN JUAN;<br><br>(2)　FILE A FIRST AMENDED COMPLAINT; OR<br><br>(3)　NOTIFY THE COURT THAT HE WANTS TO STAND ON HIS COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY (30) DAY DEADLINE |

　　　Christopher Valencia ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on March 28, 2022. (ECF No. 1).[1] The complaint is now before this Court for screening. Plaintiff alleges that defendant San Juan violated his constitutional rights by not allowing him to be heard at his parole hearing, by retaliating against him for attending his

---

[1] Plaintiff did not pay the filing fee until May 13, 2022.

1

parole hearing, and by discriminating against him at his parole hearing.

The Court has reviewed the complaint and finds that the following claims should proceed past screening: Plaintiff's Fourteenth Amendment due process claim against defendant San Juan and Plaintiff's retaliation claim against defendant San Juan. The Court also finds that no other claims should proceed past screening.

Plaintiff now has options as to how to move forward. Plaintiff may file an amended complaint, if he believes that additional facts would state additional claims. If Plaintiff files an amended complaint, the Court will screen that amended complaint in due course. Alternatively, Plaintiff may file a statement with the Court saying that he wants to go forward only on his Fourteenth Amendment due process claim against defendant San Juan and his retaliation claim against defendant San Juan. If Plaintiff files a statement that he wants to go forward only on these claims, the Court will authorize service of process on defendant San Juan, and the case will proceed on these claims. Finally, Plaintiff may file a statement with the Court saying that he wants to stand on this complaint and have it reviewed by the district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff brings three claims,[2] and alleges as follows:

### A.    Claim 1

On August 19, 2021, in her individual capacity, defendant San Juan acted with deliberate indifference when she committed obstruction and perverted evidence.

During an official parole consideration hearing that was conducted via Zoom, defendant San Juan intentionally deactivated audio and video equipment utilized during the hearing. She did this with the intention of depriving Plaintiff of his due process right to be heard and to have a meaningful hearing. Plaintiff became aware of this unlawful action when plaintiff noticed that every time he spoke, the screen and audio would shut off.

Plaintiff confronted defendant San Juan in regard to the possibility of the equipment malfunctioning. Plaintiff asked, "How come every time I speak the TV screen shuts off…." (ECF No. 1, p. 3) (alteration in original). Defendant San Juan responded, "Dont worrie theres nothing wrong with the video equipment, I turned it off, I shut you off." (Id.) (errors in original). She stated that she pressed the button because no one wanted to hear Plaintiff's "bullshit."

---

[2] The Court notes that in each claim Plaintiff alleges that several different constitutional rights were violated. Thus, it is not clear what three claims Plaintiff is attempting to bring. Nevertheless, the Court will analyze the claims that it appears that Plaintiff is attempting to bring.

B.  Claim 2

On August 19, 2021, defendant San Juan retaliated against Plaintiff.  She informed Plaintiff and his attorney that if Plaintiff attended his parole consideration hearing, she would give Plaintiff a seven-year denial for wasting the Board of Parole Hearing's time.  Defendant San Juan advised Plaintiff, off the record, to take a three-year stipulation and to forego a parole hearing.  Plaintiff chose to attend his parole hearing, and was met with hostilities disguised as policy.  Defendant San Juan carried out her act of retaliation.  She intentionally concealed mitigating evidence, such as positive progress reports, certificates of rehabilitation, employment offers, and housing offers.  She also libeled Plaintiff, corrupted facts and records, and falsified criminal allegations and accounts.  She did this to support an unlawful seven-year denial.

C.  Claim 3

On August 19, 2021, defendant San Juan discriminated against Plaintiff when she manipulated and tampered with video and audio equipment utilized during Plaintiff's parole hearing.  She deactivated the equipment with the intent of depriving Plaintiff of his right to be heard.  She stated on the record that she shut the video and audio feed off because she believes Plaintiff is full of "bullshit," and that someone like Plaintiff deserves to be in prison for seven more years.  The parole hearing transcripts are riddled with discriminatory remarks.

No matter what opinions defendant San Juan had Plaintiff should have been given the opportunity to speak and have a meaningful hearing.  Instead, he was deliberately attacked by defendant San Juan because he chose to attend his parole hearing instead of taking the stipulation.

**III.    ANALYSIS OF PLAINTIFF'S COMPLAINT**

A.  Section 1983

The Civil Rights Act under which this action was filed provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an

action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

\\\

B. Due Process

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures." Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (citation omitted).

Under the Due Process Clause, the standard analysis "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." Id. at 219. "The liberty interest at issue here is the interest in receiving parole when the California standards for parole have been met…." Id. at 221. As to what procedures are required, "[i]n the context of parole, [the Supreme Court has] held that the procedures required are minimal." Id. at 220. All that is required is an opportunity to be heard and a statement of reasons why parole was denied. Id.; see also Miller v. Oregon Bd. of Parole & Post Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision….").

However, "[b]ecause parole board officials perform tasks that are functionally comparable to those performed by the judiciary, they owe the same duty[] to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at stake." O'Bremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990) (citation and internal quotation marks omitted). A prisoner is entitled to have his parole hearings conducted by a parole board that is "free from bias or prejudice." Id.

Plaintiff alleges that, during his parole hearing, defendant San Juan intentionally deactivated audio and video equipment. Plaintiff alleges that this occurred every time he spoke. When Plaintiff noticed this, he confronted defendant San Juan, and she told Plaintiff that no one wanted to hear his "bullshit."

Liberally construing the allegations in Plaintiff's complaint, the Court finds that Plaintiff sufficiently alleges that he was not provided with an opportunity to be heard at his parole hearing. Accordingly, the Court will allow Plaintiff's Fourteenth Amendment Due Process claim against defendant San Juan to proceed past screening.

### C. Retaliation in Violation of the Constitution

There are five basic elements to a First Amendment retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

However, retaliation claims are not limited to the First Amendment. "A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994).

As discussed above, Plaintiff has a liberty interest in receiving parole when the California standards for parole have been met, and due process requires that Plaintiff be allowed to be heard. And, Plaintiff alleges that defendant San Juan took adverse actions against him because he refused her offer to take a three-year stipulation and to forego a parole hearing. Accordingly, liberally construing Plaintiff's complaint, and given that this case is at the screening stage, the Court will allow this claim to proceed past screening.[3]

### D. Equal Protection

The equal protection clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir.

---

[3] Nothing in this order precludes defendant San Juan from challenging this cause of action in the course of litigation.

2008). To state a claim, Plaintiff must show that Defendant intentionally discriminated against him based on his membership in a protected class, Hartmann, 707 F.3d at 1123 Furnace, 705 F.3d at 1030, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008), Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008), North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Inmates are not a protected class. Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998); Veenstra v. Idaho State Bd. of Correction, 785 F. App'x 390, 391 (9th Cir. 2019).

While Plaintiff alleges that he was discriminated against, he does not sufficiently allege that he is a member of a protected class or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Moreover, Plaintiff's allegations regarding discrimination are conclusory. Plaintiff alleges that the transcripts are "riddled" with discriminatory remarks, but Plaintiff provides few, if any, examples. Accordingly, Plaintiff fails to state an equal protection claim.

## IV.   CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that the following claims should proceed past screening: Plaintiff's Fourteenth Amendment due process claim against defendant San Juan and Plaintiff's retaliation claim against defendant San Juan. The Court also finds that all other claims should be dismissed.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to file an amended complaint, the amended complaint must allege

violations under the law as discussed above.  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court will issue findings and recommendations to the district judge consistent with this order.

Finally, Plaintiff may choose to notify the Court in writing that he does not want to file an amended complaint and instead wants to proceed only on the claims that the Court found should proceed past screening.  If Plaintiff files a statement that he wants to go forward only on these claims, the Court will authorize service of process on defendant San Juan and the case will proceed on these claims.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is directed to send Plaintiff a section 1983 civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint;
   b. Notify the Court in writing that he does not want to file an amended complaint and instead wants to proceed only on his Fourteenth Amendment due process claim against defendant San Juan and his retaliation claim against defendant San Juan; or

        c. Notify the Court in writing that he wants to stand on his complaint.

3. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:22-cv-00360-EPG; and

4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **June 17, 2022**  /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE