UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER G. VALENCIA,<br><br>     Plaintiff,<br><br>     v.<br><br>DEBORAH SAN JUAN,<br><br>     Defendant. | Case No. 1:22-cv-00360-JLT-EPG (PC)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY<br><br>(ECF Nos. 37 & 40)<br><br>ORDER DIRECTING DEFENDANT TO PROVIDE PLAINTIFF WITH VIDEO RECORDING OF PAROLE PROCEEDINGS OR TO FILE A NOTICE INDICATING THAT NO SUCH VIDEO EXISTS WITHIN TWENTY-ONE DAYS |

  Christopher Valencia ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's Fourteenth Amendment due process claim against defendant San Juan and Plaintiff's retaliation claim against defendant San Juan.

  On January 12, 2023, the Court issued a scheduling order.  (ECF No. 35).  On January 19, 2023, defendant San Juan filed a motion for judgment on the pleadings.  (ECF No. 36). Defendant San Juan argues that Plaintiff's due process claim should be dismissed because Plaintiff's parole hearing transcript shows that Plaintiff received the process that he was due, and that Plaintiff's retaliation claim should be dismissed because defendant San Juan is entitled to absolute immunity.  On January 24, 2023, defendant filed a motion to stay discovery (ECF No. 37), which is now before the Court.

Defendant argues that discovery should be stayed pending a ruling on the motion for judgment on the pleadings because: "(1) the pending motion for judgment on the pleadings will dispose of the entire case; (2) the Court does not require additional information to decide the pending motion; and (3) the expenditure of resources required to respond to discovery requests will be needless if the Court grants Defendants' motion for judgment on the pleadings." (Id. at 1).

On February 10, 2023, Plaintiff filed his opposition. (ECF No. 40). Plaintiff asks the Court to deny the motion to stay in its entirety. Plaintiff states that the law library has undergone staffing changes, and at the moment he cannot locate cases that would support his position.[1] Plaintiff alleges that the transcript submitted in support of the motion for judgment on the pleadings is not the full transcript. Plaintiff wants to take discovery so that he can procure and submit to the Court the original transcript in its entirety, which is in digital video format. Plaintiff never stated that the original transcripts were in paper form. Plaintiff's strategy for proving his claim is to obtain video and audio footage from the day in question.

The Court will grant defendant San Juan's motion in part. The Court will vacate the scheduling order, which will be re-issued, if necessary, at a later date.[2] The Court has reviewed the motion for judgment on the pleadings, and it may resolve this case in its entirety. Moreover, Plaintiff has not alleged that a delay in conducting discovery will prejudice him. Plaintiff's only argument is that discovery should remain open because he wants to present the original transcript in its entirety, which he believes is in video format. However, Plaintiff does not need to present evidence in order to oppose the motion for judgment on the pleadings and/or the request for judicial notice.[3] Moreover, Plaintiff fails to explain why the written transcript provided by defendant San Juan, which appears to be a transcript of the entire

---

[1] Plaintiff does not ask for an extension of time so that he can do further research.

[2] The Court may re-issue the scheduling order prior to the final order on the motion for judgment on the pleadings.

[3] The Court is not making a determination as to whether the Court may consider the transcript of the parole hearing when ruling on the motion for judgment on the pleadings. The Court reserves the issue of whether the motion for judgment on the pleadings should be denied in part, or converted to a motion for summary judgment, because it relies on matters outside of the pleadings.

proceeding, is inadequate. Thus, Plaintiff's argument is not persuasive.

Nevertheless, in order to address Plaintiff's opposition, the Court will direct defendant San Juan to provide Plaintiff with the video recording of the parole hearing. If no such video exists, defendant San Juan shall file a notice indicating as such, along with an explanation as to why it does not exist. If relevant, Plaintiff may submit this video recording in support of his opposition to the motion for judgment on the pleadings.

Based on the foregoing, IT IS ORDERED that:

1. Defendant San Juan's motion to stay discovery (ECF No. 37) is GRANTED in part.
2. The scheduling order (ECF No. 35) is VACATED. The Court will re-issue the scheduling order, if necessary, at a later date.
3. Defendant San Juan has twenty-one (21) days from the date of service of this order to provide Plaintiff with the video recording of the parole hearing conducted on August 19, 2021.[4] If no such video recording exists, defendant San Juan shall file a notice indicating as such, along with an explanation as to why it does not exist.

IT IS SO ORDERED.

Dated:   **February 14, 2023**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE

---

[4] If Plaintiff is not allowed possess, or is unable to play, video recordings, defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording.