UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER G. VALENCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEBORAH SAN JUAN,<br><br>　　　　Defendant. | Case No. 1:22-cv-00360-JLT-EPG (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND ADDRESSING OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>(ECF No. 46) |

　　　　Christopher Valencia ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　On March 17, 2023, Plaintiff filed a motion for an extension of time to respond to Defendant's motion for judgment on the pleadings and to file four additional motions with his opposition. (ECF No. 44). On March 20, 2023, the Court granted Plaintiff's motion in part, giving Plaintiff until April 13, 2023, to respond to Defendant's motion for judgment on the pleadings and to file any related motions. (ECF No. 45).

　　　　On March 22, 2023, Defendant filed an opposition to Plaintiff's motion for an extension of time and an application for reconsideration of the Court's order granting it. (ECF No. 46).

　　　　Under Federal Rule of Civil Procedure 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that,

1

with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  (Id.) (citation and internal quotation marks omitted).

Defendant argues that Plaintiff's motion for an extension of time should not have been granted because Plaintiff already filed his opposition to Defendant's motion for judgment on the pleadings.  However, the document that Defendant argues is Plaintiff's opposition (ECF No. 40) does not appear to be his opposition to Defendant's motion for judgment on the pleadings.  Instead, it appears to be his opposition to Defendant's motion to stay discovery.  Plaintiff did write "opposition to Defendants [sic] motion for judgment" in the title of the filing.  (ECF No. 40, p. 1).  However, nothing in the filing suggests that Plaintiff was opposing the motion for judgment on the pleadings.  Instead, he "beseech[ed] the Court to not limit [his] access to discovery…."  (Id. at 1).  Given the contents of the filing, the Court previously construed (ECF No. 41, p. 2), and continues to construe, this filing as Plaintiff's opposition to the motion to stay, not his opposition to the motion for judgment on the pleadings.

This also appears to comport with Plaintiff's understanding, because he subsequently filed a motion for an extension of time to file his opposition to the motion for judgment on the pleadings (ECF No. 44).  He also filed his first motion for a forty-five-day extension of time to file his opposition to the motion for judgment on the pleadings (ECF No. 38) one day before filing his opposition to the motion to stay (ECF No. 40).

Accordingly, Defendant's motion for reconsideration (ECF No. 46) is DENIED.

\\\

\\\

2

Plaintiff's opposition (and any related motions) to Defendant's motion for judgment on the pleadings is due, as previously ordered, no later than until April 13, 2023 (ECF No. 45).

IT IS SO ORDERED.

Dated:  **March 24, 2023**                              /s/ Erica P. Grosjean
                                                                            UNITED STATES MAGISTRATE JUDGE