UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER G. VALENCIA,<br><br>             Plaintiff,<br><br>       v.<br><br>DEBORAH SAN JUAN,<br><br>             Defendant. | Case No. 1:22-cv-00360-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND COMPLAINT<br><br>(ECF Nos. 36, 36-1, 49, 52, 55)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Christopher Valencia is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The case is now proceeding on Plaintiff's Fourteenth Amendment due process and retaliation claims seeking damages against Defendant San Juan, a Commissioner for the Board of Parole Hearings (BPH). (ECF Nos. 1, 6, 7, 8, 17). These claims are based on allegations that Defendant violated Plaintiff's constitutional rights by not allowing Plaintiff to be heard at his parole hearing and by retaliating against Plaintiff for refusing to stipulate that he is not eligible for parole and instead, attending his parole hearing. (ECF No. 1).

Defendant moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Plaintiff's claims should be dismissed with prejudice because he received due process under the law in his parole hearing and because Defendant is entitled to quasi-judicial absolute immunity in her decision to deny Plaintiff's parole. (ECF No. 36).

For the reasons explained below, the Court will recommend that Defendant's motion for judgment on the pleadings be granted because Plaintiff's claims for damages against Defendant for her role in Plaintiff's parole determination are barred by absolute immunity, but that Plaintiff be granted 30 days to file an amended complaint, if he so chooses.

**I.      BACKGROUND**

Plaintiff filed the complaint commencing this action on March 28, 2022. (ECF No. 1). Following the Court's Screening Order (ECF No. 6), Plaintiff elected to proceed on two of his claims (ECF No. 7) against Defendant San Juan. Plaintiff states in the Complaint, twice, that he is suing Defendant in her individual capacity and only seeking damages against her. (ECF 1 at 2, 6).

Claim 1 alleged that on August 19, 2021, in her individual capacity, Defendant San Juan acted with deliberate indifference when she committed obstruction and perverted evidence. During an official parole consideration hearing that was conducted via Zoom, Defendant San Juan intentionally deactivated audio and video equipment utilized during the hearing. She did this with the intention of depriving Plaintiff of his due process right to be heard and to have a meaningful hearing. Plaintiff became aware of this unlawful action when Plaintiff noticed that every time he spoke, the screen and audio would shut off.

Plaintiff confronted Defendant San Juan in regard to the possibility of the equipment malfunctioning. Plaintiff asked, "How come every time I speak the TV screen shuts off . . . . " (ECF No. 1 at 3) (alteration in original). Defendant San Juan responded, "Dont worrie theres nothing wrong with the video equipment, I turned it off, I shut you off." (*Id.*) (errors in original). She stated that she pressed the button because no one wanted to hear Plaintiff's "bullshit." (*Id.*)

Claim 2 alleged that on August 19, 2021, Defendant San Juan retaliated against Plaintiff. (ECF No. 1 at 4). She informed Plaintiff and his attorney that if Plaintiff attended his parole consideration hearing, she would give Plaintiff a seven-year denial for wasting the Board of Parole Hearing's time. Defendant San Juan advised Plaintiff, off the record, to take a three-year stipulation and to forego a parole hearing. Plaintiff chose to attend his parole hearing, and was met with hostilities disguised as policy. Defendant San Juan carried out her act of retaliation. She intentionally concealed mitigating evidence, such as positive progress reports, certificates of rehabilitation, employment offers, and housing offers. She also libeled Plaintiff, corrupted facts

and records, and falsified criminal allegations and accounts. She did this to support an unlawful seven-year denial.

In his Request for Relief, Plaintiff asks for Defendant to be criminally prosecuted[1] and for an award of $3,000,000 in punitive and compensatory damages. (*Id.* at 6). Plaintiff does not seek injunctive or declaratory relief.

On January 19, 2023, Defendant filed its motion for judgment on the pleadings (ECF No. 36), along with a request for the Court to take judicial notice of the transcript of Plaintiff's parole hearing (ECF No. 36-1) and the transcript itself (ECF No. 36-2). Plaintiff responded to motion for judgment on the pleadings on June 9, 2023. (ECF No. 57). On May 18, 2023, Defendant filed a reply in support of her motion. (ECF No. 53).

In addition, Plaintiff filed a Motion for Sanctions on May 4, 2023 (ECF No. 49), to which Defendant responded on May 25, 2023 (ECF No. 54); a Motion for Equitable Estoppel on May 15, 2023 (ECF No. 52), to which Defendant responded on June 6, 2023 (ECF No. 56); and finally, a Request for Judicial Notice on May 30, 2023 (ECF No. 55), to which Defendant filed an opposition on June 9, 2023 (ECF No. 57). All three of the Plaintiff's motions relate to transcript of his parole board hearing, challenging its accuracy and seeking sanctions for destruction of the original audio recording pursuant to the document retention policy, and asking the Court to take a notice of a document that Plaintiff claims would establish an error in a case number stated on the record during his parole board hearing.

## II. DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Defendant's Motion

In Defendant's motion for judgment on the pleadings, Defendant argues that under the Supreme Court precedent in *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011), for due process to be met in a parole proceeding, all that is required is an opportunity to be heard and a statement of reasons why parole was denied. (ECF No. 36 at 3–4). In support of her motion, Defendant asks the Court to take judicial notice (ECF No. 36-1) of the transcript of the BPH hearing (ECF No. 36-2). Defendant argues that the transcript shows that Plaintiff was afforded multiple

---

[1] The Court is unable to grant this relief in a proceeding under 42 U.S.C. § 1983.

3

opportunities to speak and provided with a statement of reasons, and, therefore, received his due process. (ECF No. 36 at 4).

As to Plaintiff's retaliation claim, Defendant argues that under *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981), she is entitled to absolute immunity in her decision to deny Plaintiff's parole and that Plaintiff's retaliation claim is therefore barred. (ECF No. 36 at 5).

### B.     Plaintiff's Opposition

In his opposition, Plaintiff alleges that he was deprived of due process because Defendant was biased. (ECF No. 51 at 2, 3, 7, 10). In response to Defendant's assertion of absolute immunity, Plaintiff argues that because Defendant referenced a wrong case number at the beginning of the parole hearing, she created a false record that does not correlate with Proposition 57 criteria, which should have governed Plaintiff's hearing. (*Id.* at 6, 13, 35). Therefore, Plaintiff further argues, Defendant operated outside of state and federal jurisdiction, and waived her immunity. (*Id.* at 6, 10, 14–15) ("[I]munnitey is lost when, they fail to opperate under jurridiction." [sic]).

### C.     Defendant's Reply

In Reply, Defendant argues that Plaintiff's new due process claim "was not recognized as cognizable by the court," and even if it were, Plaintiff cannot show that he was prejudged in his parole hearing, even under the authority cases he cited in his opposition. (ECF No. 53 at 2). Defendant also asserts that Plaintiff's argument that Defendant waived her quasi-judicial absolute immunity when she refused to acknowledge Plaintiff's non-violent offender status under Proposition 57 is meritless. (ECF No. 53 at 5).

## III.    LEGAL STANDARDS

Federal Rule of Civil Procedure 12(c) provides that "a party may move for judgment on the pleadings" "[a]fter the pleadings are closed—but early enough not to delay trial." A motion for judgment on the pleadings "is functionally identical to a Rule 12(b)(6) motion." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (internal citations and quotation marks omitted). For purposes of the motion, "the allegations of the non-moving party must be accepted as true." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). In other words, "the defendant will not succeed on a motion under Rule 12(c) if there

are allegations in the plaintiff's pleadings that, if proved, would permit recovery on his claim." Charles Wright & Arthur Miller, 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.).

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc.*, 896 F.2d at 1550. An issue of fact is deemed to be material if the outcome of the case might be altered by the resolution of the issue one way rather than another. 5C Fed. Prac. & Proc. Civ. § 1368; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (defining material facts as those "that might affect the outcome of the suit under the governing law").

## IV.  DISCUSSION

Plaintiff's lawsuit seeks damages from Defendant based on her actions during his parole hearing, over which she presided as BPH Commissioner. (ECF No. 1 at 3, 4). Such actions are entitled to quasi-judicial absolute immunity, and thus Defendant's claims for damages based on such actions must be dismissed.

The Ninth Circuit has held that members of state parole boards are entitled to absolute immunity for damages claims against them when they make decisions "'to grant, deny, or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) ("Absolute immunity has also been extended to parole officials for the 'imposition of parole conditions' and the 'execution of parole revocation procedures,' tasks integrally related to an official's decision to grant or revoke parole.") (quoting *Anderson v. Boyd*, 714 F.2d 906, 909–910 (9th Cir. 1983)); *Sellars*, 641 F.2d at 1303 ("If parole board officials had to anticipate that each time they rejected a prisoner's application for parole, they would have to defend that decision in federal court, their already difficult task of balancing the risk involved in releasing a prisoner whose rehabilitation is uncertain against the public's right to safety would become almost impossible."). This holding stems from the settled doctrine that individuals acting in a judicial capacity are immune from civil liability for damages claims based on actions taken within their judicial jurisdiction. *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.").

Plaintiff's complaint alleges that, on August 19, 2021, Plaintiff participated in a hearing before BPH and Defendant Deborah San Juan, a BPH Commissioner, presided over his parole hearing. (ECF No. 1 at 2, 3). Plaintiff's lawsuit challenges actions Defendant took while presiding over that parole hearing, including consideration of certain kinds of evidence and the questions she asked Plaintiff. (*Id.* at 3, 4). Defendant San Juan is the sole Defendant in this action and Plaintiff is suing her in individual capacity solely for monetary damages. (*Id.* at 1, 2, 6). Apparent from the face the complaint, these facts are sufficient to establish that absolute immunity bars Plaintiff's claims. *See Gay v. Shaffer*, 831 F. App'x 352, 353 (9th Cir. 2020) (citing *Sellars* in holding that the district court properly dismissed plaintiff's claims for damages against BPH Commissioners in their individual capacities for denial of parole because defendants are entitled to absolute immunity), *Patterson v. Van Arsdel*, 883 F.3d 826, 830 (9th Cir. 2018) ( "Parole board members have absolute immunity for adjudicative actions and for other discretionary decisions related to the processing of parole applications."); *Sellars*, 641 F.2d at 1298 (finding plaintiff's claim for damages that the board denied his parole as an act of retaliation barred by quasi-judicial immunity); *Correa v. Shaffer*, No. 2:23-CV-0739-TLN-KJN (PC), 2023 WL 8850557, at *9 (E.D. Cal. Dec. 21, 2023) ("Because parole board officials are entitled to absolute immunity when rendering a parole decision, *Sellars*, 641 F.2d at 1302, and the challenged conduct of defendant BPH officials herein is limited to their decisions impacting plaintiff's parole, plaintiff fails to state a cognizable claim for damages relief . . .").

In response to Defendant's assertion of absolute immunity, Plaintiff argues that Defendant waived it by referencing a wrong case number at the beginning of the parole hearing, thereby placing her outside of state and federal jurisdiction. (ECF No. 51 at 6, 13, 3). Defendant asserts that this argument is meritless. (ECF No. 53 at 5). The Court agrees. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The Court illustrated the difference between lack of jurisdiction and excess of jurisdiction with the following example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for

6

his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Id.* at 357 n.7. In this case, Defendant merely erred by reciting a wrong case number, she did not act outside of her jurisdiction, which is presiding over parole hearings. Thus, she did not waive her absolute immunity by citing the wrong case number.

In sum, Defendant's actions alleged in Plaintiff's complaint were integrally related to the Defendant's decision to deny Plaintiff parole and were "part and parcel of the decision process." *Fort v. Washington*, 41 F.4th 1141, 1145 (9th Cir. 2022); *Swift*, 384 F.3d at 1189; *Sellars*, 641 F.2d at 1303. Defendant is thus entitled to absolute quasi-judicial immunity for Plaintiff's damages claims against her.[2]

## V.   LEAVE TO AMEND

The Court has discretion to dismiss with or without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (*en banc*). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is *pro se*. S*ee id.* at 1130–31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. *Cato*, 70 F.3d at 1005–06.

The Court will recommend that Plaintiff be given 30 days to amend his complaint. When the Court gave Plaintiff an opportunity to amend after screening, Plaintiff chose to stand on his original complaint. (ECF Nos. 6, 7). After Defendant moved to dismiss Plaintiff's complaint

---

[2] While immunity does not extend to actions seeking prospective injunctive relief, *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984) ("[J]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity."); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *Buckwalter v. Nev. Bd. of Med. Exam'rs*, 678 F.3d 737, 747 (9th Cir. 2012) ("Absolute immunity is not a bar to injunctive or declaratory relief."), here Plaintiff sought only seeks monetary damages against Defendant in her individual capacity: "I pray the courts awards me what is just and fair in punitive, compensatory, monetary damages. I personally am seeking the sum and amount of $3,000,000, three million dollars for the unlawful actions committed by Deborah San Juan in her individual capacity against my persons." (ECF 1 at 2, 6). Plaintiff does not ask for any prospective injunctive relief.

(ECF No. 36), however, Plaintiff asked the Court for leave to amend his complaint "to cure deficiencies." (ECF No. 38). The Court denied his motion without prejudice because Plaintiff did not file an amended complaint with his motion or provide any explanation as to the changes he was attempting to make to his complaint. (ECF No. 39). The Court advised Plaintiff that if he chooses to refile his motion to amend, he should explain the changes he is attempting to make to his complaint and include a copy of the proposed amended complaint. (*Id.*)

Defendant argues that dismissal should be with prejudice without leave to amend. However, given that Plaintiff proceeds on his initial complaint and has previously sought leave to amend his complaint, the Court recommends giving Plaintiff an opportunity to file an amended complaint within 30 days if he so chooses.[3]

## VI. CONCLUSION AND RECOMMENDATIONS

Upon review of the pleadings, Defendant has demonstrated that there is no material issue of fact to be resolved and that Defendant is entitled to judgment as a matter of law because Plaintiff's claims for damages against Defendant are barred by absolute quasi-judicial immunity.

Accordingly, it is **RECOMMENDED** that:

1. Defendant's Motion for Judgment on the Pleadings (ECF No. 36) be GRANTED;
2. Defendant's Request to Take Judicial Notice (ECF No. 36-1), Plaintiff's Motions for Sanctions (ECF No. 49) and Equitable Estoppel (ECF No. 52), and Plaintiff's Request to Take Judicial Notice (ECF No. 55) be DENIED as moot.[4]

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

---

[3] The Court is not holding that Plaintiff can or should amend his complaint, or that any amendment would be valid.

[4] These motions relate to the parole board hearing transcript, including whether it is accurate and whether it demonstrates that Plaintiff was heard, consistent with due process, at the hearing. Given the Court's recommendation to grant Defendant's motion for judgment on the pleadings on other grounds, the Court recommends denying these motions as moot if these recommendations are adopted.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 26, 2024**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE