1

2

3

4

5

6

7

8           **UNITED STATES DISTRICT COURT**

9           **EASTERN DISTRICT OF CALIFORNIA**

10

11   CHRISTOPHER G. VALENCIA,                  No. 1:22-cv-0360 JLT EPG (PC)

12              Plaintiff,                      ORDER ADOPTING FINDINGS AND
                                                RECOMMENDATIONS IN PART
13      v.
                                                ORDER GRANTING DEFENDANT'S
14                                              MOTION FOR JUDGMENT ON THE
     DEBORAH SAN JUAN,                          PLEADINGS; DISMISSING THE
                                                COMPLAINT WITHOUT LEAVE TO
15              Defendant.                      AMEND; AND TERMINATING AS MOOT
                                                DEFENDANT'S REQUEST TO TAKE
16                                              JUDICIAL NOTICE, PLAINTIFF'S MOTIONS
                                                FOR SANCTIONS, EQUITABLE ESTOPPEL,
17                                              AND REQUEST FOR JUDICIAL NOTICE

18                                              (Docs. 36, 36-1, 49, 52, and 55)

19

20          Christopher Valencia is a state prisoner who seeks to hold Deborah San Juan, a

21   Commissioner for the Board of Parole Hearings, liable for violating his rights under the First and

22   Fourteenth Amendments.  (Docs. 1, 7, 17.)  Plaintiff alleges Defendant violated Plaintiff's

23   constitutional rights by (1) not allowing Plaintiff to be heard at his parole hearing and (2)

24   retaliating against Plaintiff for refusing to stipulate that he is not eligible for parole and instead,

25   attending his parole hearing.  (*See* Doc. 1, 7.)  Defendant moved for judgment on the pleadings

26   under Federal Rule of Civil Procedure 12(c), arguing the claims should be dismissed with

27   prejudice because Plaintiff had the opportunity to be heard and received due process in his parole

28   hearing; and Defendant is entitled to quasi-judicial absolute immunity in her decision to deny

1

1    Plaintiff's parole. (Doc. 36.)  The matter was referred to a United States Magistrate Judge for

2    preparation of Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

3    Rule 304.

4         The assigned magistrate judge issued Findings and Recommendations, granting the

5    motion with leave to amend. (Doc. 58.) The magistrate judge found Plaintiff's claims for

6    damages are barred because Defendant is "entitled to absolute quasi-judicial immunity for

7    Plaintiff's damages claims against her." (Doc. 58 at 7.)  The magistrate judge determined that

8    "Defendant's actions alleged in Plaintiff's complaint were integrally related to the Defendant's

9    decision to deny Plaintiff parole and were 'part and parcel of the decision process.'" (*Id.*,

10   quoting *Fort v. Washington*, 41 F.4th 1141, 1145 (9th Cir. 2022).)  Accordingly, the magistrate

11   judge recommended Defendant's motion be granted.  (*Id.*) The magistrate judge also

12   recommended the parties' requests for judicial notice, motions for sanctions, and equitable

13   estoppel—which all related to information not relied upon by the Court in its analysis on

14   immunity—be denied as moot.  (*Id.*)  Finally, the magistrate judge recommended Plaintiff be

15   given leave to amend his complaint, noting that Plaintiff requested leave "to cure deficiencies"

16   after the motion was filed.  (*Id.*, quoting Doc. 38.)

17        Plaintiff did not file objections to the Findings and Recommendations.  However, Plaintiff

18   lodged an amended complaint on February 22, 2024.[1] (Doc. 59.)  Defendant filed objections,

19   arguing that granting "[l]eave to amend is both inappropriate and futile." (Doc. 60 at 1.)

20   Defendant argues that "the recommendation of the Magistrate [Judge], if implemented, would

21   constitute a final judgment, making leave to amend improper."  (*Id.* at 2.)  In addition, Defendant

22   contends that if the Court reviews the amended complaint, "Defendant's entitlement to

23   immunities and the immunity to BPH in its official capacity are unchanged."  (*Id.* at 3.)

24   Therefore, Defendant contends the "Court should grant Defendant's Motion for Judgment on the

25   Pleadings without leave to amend."  (*Id.* at 4.)

26

27   [1] Plaintiff added "Director of B.P.H." as a defendant. (Doc. 59 at 2, 11.) As in his original complaint, Plaintiff alleged
     that San Juan violated Plaintiff's First Amendment right by retaliating against him for refusing to stipulate that he is
     not eligible for parole and attending his parole hearing; and that she violated his due process right by "periodically
28   through out the hearing." (*Id.* at 3, 9.) Plaintiff also added a claim based on Seventh Amendment. (*Id.* at 6.)

                                                          2

1    According to 28 U.S.C. § 636 (b)(1)(B), this Court performed a *de novo* review of this

2    case.  The Court has carefully reviewed the entire file, including Defendant's objections and the

3    lodged amended complaint.  The Court concludes the findings related to Defendant's immunity

4    are supported by the record and proper analysis.  However, the Court declines to adopt the

5    recommendation that Plaintiff be granted leave to amend.

6    Despite Defendant's assertion to the contrary, the Court has discretion to grant a motion

7    under Rule 12(c) with leave to amend. *Chandavong v. Fresno Deputy Sheriff's Ass'n*, 599 F.

8    Supp. 3d 1017, 1020 (E.D. Cal. 2022) (citing *Gregg v. Department of Public Safety*, 870 F.3d

9    883, 889 (9th Cir. 2017); *Harris v. County of Orange*, 682 F.3d 1126, 1134 (9th Cir. 2012)).

10   Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given

11   when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate

12   decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d

13   1122, 1127 (9th Cir. 2000) (alterations, internal quotation marks omitted).  When dismissing a

14   complaint, "a district court should grant leave to amend … unless it determines that the pleading

15   could not possibly be cured by the allegation of other facts." *Id.* at 1130 (quotation marks

16   omitted).  Leave to amend generally shall be denied only if amendment would unduly prejudice

17   the opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith.

18   *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008). "These factors,

19   however, are not given equal weight. Futility of amendment can, by itself, justify the denial of ...

20   leave to amend." *U.S. ex rel. Insoon Lee v. SmithKline Beecham, Inc*., 245 F.3d 1048, 1052 (9th

21   Cir. 2001).

22   Leave to amend is futile, because Defendant is entitled to quasi-judicial immunity on the

23   claims for damages raised in the complaint.  *See, e.g., Dawodu v. California*, 2021 WL 4816837,

24   at *6-7 (C.D. Cal. Sept. 3, 2021) (finding "amendment would be futile and dismissal should be

25   without prejudice and without leave to amend" where a plaintiff's claims were barred by absolute

26   immunity); *Gozzi v. County of Monterey*, 2014 WL 6988632, at *5 (N.D. Cal. Dec. 10, 2014)

27   (concluding leave to amend would be futile because judicial immunity and quasi-judicial

28   immunity foreclosed the plaintiff's claim as a matter of law).  Consequently, the Court declines to

3

1  grant Plaintiff leave to file the lodged amended complaint, in which Plaintiff raises no new facts.[2]

2  Accordingly, the Court **ORDERS**:

3      1.    The Findings and Recommendations dated January 29, 2024 (Doc. 58) are

4          **ADOPTED IN PART**.

5      2.    Defendant's motion for judgment on the pleadings (Doc. 36) is **GRANTED**.

6      3.    The remaining motions—including Defendant's request for judicial notice (Doc.

7          36-1) and Plaintiff's motions for sanctions, equitable estoppel, and judicial notice

8          (Doc. 49, 52, and 55)—are terminated as **MOOT**.

9      4.    Plaintiff's complaint is **DISMISSED** without leave to amend.

10     5.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 8, 2024**

UNITED STATES DISTRICT JUDGE

---

[2] A review of the lodged amended complaint shows Plaintiff adds no new facts, only new legal theories. Notably, the Ninth Circuit determined there is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). For this reason as well, leave to amend should be denied.